### THE THREE FRIENDS.

#### UNITED STATES v. THE THREE FRIENDS.

(Circuit Court of Appeals, Fifth Circuit. February 15, 1898).

#### No. 563.

NEUTRALITY LAWS—LIBEL OF FORFEITURE.

A libel of forfeiture against a vessel for violating the neutrality laws charged, in one article, that she was "heavily laden with supplies, rifles, cartridges, * * * and other munitions of war, including one large 12-pound Hotchkiss gun." In the following article it was charged that the vessel was "fitted out and armed by being heavily laden with supplies, rifles, cartridges," etc., "with intent," etc. Held that, while this libel was lacking in legal precision, yet, taken as a whole, it was sufficient as against objections first urged on appeal.

Appeal from the District Court of the United States for the Southern District of Florida.

This was a libel of forfeiture against the steam vessel Three Friends for alleged violation of the neutrality laws. Exceptions to the libel were sustained in the court below, and the government appealed.

J. Ward Gurley, for the United States.

A. W. Cockrell, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

PARDEE, Circuit Judge. The serious questions presented on this appeal have been disposed of in the decision of the supreme court on another libel against the same vessel (The Three Friends, 166 U. S. 1, 17 Sup. Ct. 495); and ordinarily we would have naught to do in this case but reverse and remand. The appellees, however, con-

ceding that their main exceptions to the libel were not well taken, urge before this court certain exceptions to the sufficiency of the libel, which exceptions do not appear to have been ruled on in the court below. It is contended that the libel does not charge that the vessel was "fitted out and armed, or attempted to be fitted out and armed, with intent," etc., "within the limits of the United States." Treating the third and fourth articles of the libel as different counts, each seeking to charge a full ground of forfeiture, counsel for appellees make a plausible argument in support of their exceptions. The third article does not in so many words charge that the Three Friends "was fitted out and armed," but, in lieu thereof, charges that the vessel was "heavily laden with supplies, rifles, cartridges, machetes, dynamite, and other munitions of war, including one large twelve-pound Hotchkiss gun or cannon, and a great quantity of shot, shell, and powder therefor, with intent," etc. The fourth article charges that, at the same time and place and by the same persons, the said vessel was "fitted out and armed by being heavily laden with supplies, rifles, cartridges," etc., "with intent," etc. The libel is certainly not drawn with such legal precision and conciseness as to justify its use as a precedent, but taking it as a whole, and considering that the objections urged were not passed upon in the lower court, and, if passed upon adversely to the government, the libel is plainly amendable, we are of opinion that the exceptions urged should not be allowed in this court. The decree of the district court is reversed, and the case remanded, with instructions to overrule the exceptions to the libel, and thereafter proceed according to law.